UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRUCE K. SIDDLE and SANDRA K. )
SIDDLE, individually and as trustees of the )
Bruce K. Siddle and Sandra K. Siddle trusts, )
dated July 16, 2003, and PPCT )
MANAGEMENT SYSTEMS, INC., )
 )
    Plaintiffs, ) Case No. 3:09-0175
 ) Judge Trauger
v. )
 )
DOCTOR R. CRANTS, JR., DOCTOR R. )
CRANTS, III, LINDA COOPER, )
GEORGE V. CRAWFORD, III, LEE F. )
BOOTH, and ROY W. OAKS, )
 )
    Defendants. )

## MEMORANDUM AND ORDER

Pending before the court is the plaintiffs' Conditional Rule 54(b) Motion to Certify January 25, 2010 Order as Final and Appealable (Docket No. 301).[1] The plaintiffs' motion will be denied.

On January 25, 2010, this court entered an Order granting the summary judgment motions of Doctor R. Crants, Jr. and Doctor R. Crants, III ("the Crants defendants") finding, as explained in much further detail in the Memorandum that accompanied the Order, that the plaintiffs' claims against the Crants defendants failed as a matter of law due to a pair of broad release agreements. (Docket Nos. 285 and 286.) On January 26, 2010, the court ordered this

---

[1] As discussed herein, other, potentially dispositive, motions are also pending but have not yet been fully briefed.

1

Case 3:09-cv-00175   Document 315   Filed 04/07/10   Page 1 of 5 PageID #: 5490

matter stayed until at least March 1, 2010, to permit the parties in this complicated litigation an opportunity to confer as to how to proceed in light of the court's ruling. (Docket No. 288.)

Without entirely lifting the stay, since that time, the court has permitted the plaintiffs to file the pending Motion to Certify. (Docket No. 300.) The court has also allowed the remaining defendants (Cooper, Crawford, Booth, and Oaks) an opportunity to file dispositive motions, as these defendants claim that, because of the nature of the release agreements, the court's January 25, 2010 ruling as to the Crants defendants dictates that they are entitled to judgment as a matter of law as well. (*Id.*) The Motion to Certify has been fully briefed and each of the four remaining defendants has filed a dispositive motion on the grounds of release. (Docket Nos. 304-306, 310.) Under the current briefing schedule, these dispositive motions will be fully briefed by May 17, 2010. (Docket No. 300.)

In the Motion to Certify, the plaintiffs request, under Federal Rule of Civil Procedure 54(b), that the court enter a "final judgment" as to the Crants defendants and then stay this case (and a related case) pending the appeal of that final judgment to the Sixth Circuit. (Docket No. 301 at 1.) The plaintiffs state that their motion is conditional on the "court certifying the Order as ready for immediate appeal," the continued stay, and the "Court of Appeals accepting the Plaintiffs' interlocutory appeal." (*Id.*) In the remainder of their brief motion, the plaintiffs challenge the court's summary judgment ruling as to the Crants defendants, arguing that issues of fact rendered summary judgment improper under Sixth Circuit law. (*Id.* at 2-3.) That is, the plaintiffs provide no authority for entering a final judgment under Rule 54(b).

The Crants defendants, Oaks, and Crawford have each responded timely in opposition to the plaintiffs' Motion to Certify. (*See* Docket Nos. 307-309, 314.) Each defendant argues that

2

Rule 54(b) counsels against entry of a final judgment in this instance, and the defendants are clearly correct.

Rule 54(b) states that, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b)(emphasis added). The Sixth Circuit has concluded that the entry of a final judgment under Rule 54(b) is appropriate only in the "infrequent harsh case" where doing so is necessary "as an instrument for the improved administration of justice." *Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986)(internal quotation omitted).

The Sixth Circuit has also articulated a non-exhaustive list of factors for the district court to consider in evaluating a Rule 54(b) motion:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) *the possibility that the reviewing court might be obliged to consider the same issue a second time*; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821-22 (6th Cir. 2005)(emphasis added).

Here, as the defendants point out, the relevant factors point against certifying the January 25, 2010 Order as a final, immediately appealable judgment. As Oaks states, "the[] [*Lowery*] factors weigh against Plaintiffs, primarily because the remaining motions are identical to the ones on which the Court has already ruled, and a Rule 54(b) certification will therefore almost certainly obligate the Sixth Circuit to consider the release defense at least twice (or more)." (Docket No. 308 at 3.) That is, because Oaks, Cooper, Crawford and Booth move for summary judgment on the same grounds as the Crants defendants, it would be inefficient and not in the interests of judicial economy to have an appeal of the January 25, 2010 Order proceed to the Sixth Circuit while these other defendants' motions, raising the same issues, are pending.

Clearly, with the additional round of summary judgment briefing on the release agreements set to be concluded by May 17, 2010, the interests of judicial economy and the desire to avoid piecemeal litigation dictate that the best course is for the remaining parties to finish briefing the summary judgment motions and for the court to resolve those motions. As Crawford cogently summarizes, "[t]here is simply no need to certify the January 25, 2010 ruling for immediate appeal when the Court is about to consider exactly the same issue in several additional motions for summary judgment and/or motions to dismiss." (Docket No. 307 at 4.) Consistent with all of this, the plaintiffs' Conditional Rule 54(b) Motion to Certify January 25, 2010 Order as Final and Appealable (Docket No. 301) is **DENIED.**[2]

---

[2] As a housekeeping matter, the plaintiffs' Motion for Relief From Stay (Docket No. 292), which was filed for the sole purpose of allowing the plaintiffs to file the Motion to Certify, was essentially granted by the court's March 22, 2010 Order (Docket No. 300) and should no longer be considered pending.

It is so Ordered.

Entered this 7th day of April 2010.

_____
ALETA A. TRAUGER
United States District Judge