IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRUCE K. SIDDLE AND SANDRA K. SIDDLE, INDIVIDUALLY AND AS TRUSTEES OF THE BRUCE K. SIDDLE AND SANDRA K. SIDDLE TRUSTS, DATED JULY 16, 2003, AND PPCT MANGEMENT SYSTEMS, INC., <br><br>         Plaintiffs, <br><br> v. <br><br> DOCTOR R. CRANTS, JR., DOCTOR R. CRANTS, III, LINDA COOPER, GEORGE V. CRAWFORD, III, LEE F. BOOTH, AND ROY W. OAKS, <br>         Defendants. | Civil Action No. 3:09-0175 <br><br> Jury Trial Demanded <br> Judge Trauger <br> Magistrate Judge Griffen |

## PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM OF DOCTOR R. CRANTS, III

Pursuant to Rules 12(b)(1), (3), and (6) of the Federal Rules of Civil Procedure, Bruce K. Siddle, Sandra K. Siddle, Individually and as Trustees of the Bruce K. Siddle and Sandra K. Siddle Trusts, and PPCT Management Systems, Inc. move the Court to dismiss the Counterclaim of Doctor R. Crants, III.

1.  The releases upon which Crants, III bases his claims were obtained by duress.

2.  The releases upon which Crants, III bases his claims were obtained without adequate consideration.

3.  The releases upon which Crants, III bases his claims were obtained

by fraud.

    4.    The releases upon which Crants, III bases his claims are illegal and against public policy.

    5.    Crants, III filed his Counterclaim in violation of a Court Ordered Stay.

    6.    The Southern District of Illinois is the proper venue to litigate the enforceability of the releases.

    7.    On July 19, 2010, the Sixth District Court of Appeals obtained jurisdiction over the issue of whether the releases are enforceable. Thus, this Court lacks subject matter jurisdiction.

## **BRIEF IN SUPPORT**

Clearly, the issues of law and fact which surround the duress, fear of economic harm, fraud, deception, jurisdiction, venue, false stock certificates, and similar issues were fully known to Crants, III months before he filed his Counterclaim and the issues raised by his Counterclaim are largely the same as those in the plaintiffs' case. The same evidence, namely the evidence of wire, mail, and bank fraud, false certificates, duress, lack of consideration, illegality, and coercion prove the plaintiffs' claims and refute Crants, III's claims.

In *Sanders v. First Nat. Bank & Trust Co. in Great Bend,* 936 F.2d 273, 277 (6th Cir. 1991), the Court explained, "This circuit applies the 'logical relationship' test for determining whether a claim arises out of the same transaction or occurrence. Under this test, we determine whether the issues of law and fact raised by

2

the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Id.* (internal citations omitted). Anyway, he violated a stay to file his Counterclaim.

On January 26, 2010, the Court ordered that this case shall be stayed for all purposes until the filing of a joint status report by March 1, 2010. (DE 288). However, the parties jointly requested an extension of time in which to file the report (DE 293), which the Court granted. (DE 294). The parties filed a Joint Status Report on March 8, 2010. (DE 298).

The Court never officially lifted the stay; but, on March 19, 2010, Crants, III filed his Counterclaim. (DE 299). On March 22, 2010, the next docket entry, the Court entered an Order which stated, "With the exception of the above-ordered filings, this case remains **STAYED**." (DE 300). (emphasis in original).

It is apparent from the plain meaning of the Order that since the Order stated the "case remains stayed," that it was, in fact, previously stayed and Crants III violated this Court's Order to file his Counterclaim. Allowing a party to file a counterclaim without leave of Court during a stay circumvents the intent of the Court and the other parties, as well as the purpose of the stay.

The filing of the Counterclaim was untimely, not just because it was filed while a stay was in effect, but because it was filed after Crants, III, filed a summary judgment motion on the very same releases.

According to the Sixth Circuit, "the result that a compulsory counterclaim is barred if not asserted as required by the rule is not spelled out in the rule it-

3

self.  However, this result is well established by the cases, sometimes on a theory of res judicata and sometimes on a theory of waiver or estoppel." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6th Cir. 1995), quoting 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1417 (1971).

If the releases had always been valid, as Crants, III argues, then he should have brought his Counterclaim in the Southern District of Illinois or in the Middle District of Tennessee much earlier.  Furthermore, it would be against public policy to grant an award of attorney's fees and costs based on fraudulent releases, especially here in Tennessee, when in fact, the plaintiffs live and were deceived and were harmed in the Southern District of Illinois.  In this case, the plaintiffs pursued litigation in good faith, having reason to believe the contracts which purported to bar their claims were unenforceable and the product of criminal misconduct.  Congress passed RICO and allowed jurisdiction and venue to give citizens, such as the plaintiffs, a remedy under such circumstances.  If the plaintiffs are punished for proceeding in this litigation, it would deter future victims of crime and fraud, and their attorneys, from pursuing justice and would distort justice.

WHEREFORE, Plaintiffs move this Court to Dismiss the Counterclaim of Doctor R. Crants, III, or in the alternative, hold it in abeyance pending appeal, and for all other proper relief.

s/ Bruce A. Carr
Bruce A. Carr

4

The Rex Carr Law Firm, LLC
412 Missouri Ave.
East St. Louis, IL 62201
618/274-0434 (telephone)
618/274-8369 (facsimile)
bcarr@rexcarr.com

and

Mary Ann Parker
Parker & Crofford
1230 Second Avenue, S
Nashville, Tennessee 37210
615/244-2445 (telephone)
615/255-6037 (facsimile)
mparkerlaw@aol.com

Attorneys for Plaintiffs

5

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record and served a copy via U.S. Mail to Lee F. Booth, P.O. Box 19964, Greensboro, North Carolina 27419, this 22nd day of July, 2010.

| | |
|---|---|
| **Bruce A. Carr**<br>**The Rex Carr Law Firm, LLC**<br>**412 Missouri Avenue**<br>**East St. Louis, IL 62201**<br>**618/274-0434 (Telephone)**<br>**618/274-8369 (Facsimile)**<br>**bcarr@rexcarr.com**<br>**rcarr@rexcarr.com**<br>**Attorneys for Plaintiffs Bruce K. Siddle, Sandra K. Siddle, PPCT Management Systems, Inc., and The Bruce K. Siddle and Sandra K. Siddle Trusts** | **Mary A. Parker**<br>**Parker & Crofford**<br>**1230 Second Avenue, South**<br>**Nashville, TN 37210**<br>**615/244-2445 (Telephone)**<br>**615/255-6037 (Facsimile)**<br>**MparkerLAW@aol.com**<br>**Attorneys for Plaintiffs Bruce K. Siddle, Sandra K. Siddle, PPCT Management Systems, Inc., and The Bruce K. Siddle and Sandra K. Siddle Trusts** |
| **James N. Bowen, Steven A. Riley**<br>**Riley, Warnock & Jacobson, PLC**<br>**1906 West End Avenue**<br>**Nashville, TN 37203**<br>**615/320-3700 (Telephone)**<br>**615/320-3737 (Facsimile)**<br>**jimbowen@rwjplc.com**<br>**sriley@rwjplc.com**<br>**Attorneys for Doctor R. Crants, Jr.** | **Eric P. Haas, Michael S. Gardner, William A. Brewer, III, Kenneth N. Hickox, Jr.**<br>**Bickel & Brewer**<br>**1717 Main Street, Suite 4800**<br>**Dallas, TX 75201**<br>**214/653-4000 (Telephone)**<br>**214/653-1015 (Facsimile)**<br>**EEH@bickelbrewer.com**<br>**MZG@bickelbrewer.com**<br>WAB@bickelbrewer.com<br>**KNH@bickelbrewer.com**<br>**Attorneys for Defendant Doctor R. Crants, III** |
| **Julie Murphy Burnstein**<br>**Leader, Bulso, Nolan & Burnstein,PLC**<br>**414 Union Street, Suite 1740**<br>**Nashville, TN 37219**<br>**615/780-4100 (Telephone)**<br>**615/780-4101 (Facsimile)**<br>**jburnstein@leaderbulso.com**<br>**Attorneys for Defendant Doctor R. Crants, III** | **James Henry Drescher**<br>**Drescher & Sharp, P.C.**<br>**1720 West End Avenue, Suite 300**<br>**Nashville, TN 37203**<br>**615/425-7112 (Telephone)**<br>**615/425-7110 (Facsimile)**<br>**jdrescher@drescherandsharp.com**<br>**Attorney for Defendant Linda Cooper** |

| | |
|---|---|
| Edwin E. Wallis, III, Richard Glassman,<br>Tim Edwards, Robert A. Cox<br>Glassman, Edwards, Wade & Wyatt, P.C.<br>26 N. Second Street<br>Memphis, TN 38103<br>901/527-4673 (Telephone)<br>901/521-0940 (Facsimile)<br>ewallis@gewwlaw.com<br>rglassman@gewwlaw.com<br>tedwards@gewwlaw.com<br>rcox@gewwlaw.com<br>**Attorneys for Defendant George V. Crawford, III** | Johannes S. Kingma, John Colquitt Rogers<br>Carlock, Copeland & Stair, LLP<br>2600 Marquis Two Tower<br>285 Peachtree Center Avenue<br>Atlanta, Georgia 30303-1235<br>404/221-2278 (Telephone<br>404/222-9482 (Facsimile)<br>jkingma@carlockcopeland.com<br>jrogers@carlockcopeland.com<br><br>**Attorneys for Defendant Roy W. Oaks** |
| John A. Day<br>Day & Blair, P.C.<br>5300 Maryland Way, Suite 300<br>Brentwood, TN 37027<br>615/742-4880 (Telephone)<br>615/742-4881 (Facsimile)<br>jday@dayblair.com<br>**Attorneys for Defendant Roy W. Oaks** | Michael P. Downey<br>Hinshaw & Culbertson LLP<br>701 Market Street, Suite 1300<br>St. Louis, MO 63101<br>314/241-2600 (Telephone)<br>314/241-7428 (Facsimile)<br>mdowney@hinshawlaw.com<br>**Attorneys for Defendant Roy W. Oaks** |

_____
/s/ Bruce A. Carr