| | |
|---|---|
| BRUCE K. SIDDLE and SANDRA K. SIDDLE, individually and as trustees of the Bruce K. Siddle and Sandra K. Siddle trusts, dated July 16, 2003, and PPCT MANAGEMENT SYSTEMS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>DOCTOR R. CRANTS, JR., DOCTOR R. CRANTS, III, LINDA COOPER, GEORGE V. CRAWFORD, III, LEE F. BOOTH, and ROY W. OAKS,<br><br>    Defendants. | Case No. 3:09-0175<br>Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiffs' Motion for Review and to Strike (Docket No. 366). On June 22, 2010, the court granted summary judgment to all remaining defendants in this complicated litigation, ruling that the plaintiffs had previously released their claims. (Docket No. 337.) Two weeks later, four defendants filed motions for attorney's fees, seeking, combined, close to $800,000 in legal fees, supported by various invoices and affidavits chronicling the reasonableness of the fees charged. (*See* Docket Nos. 342-348.) On July 19, 2010, the plaintiffs filed their appeal of the dismissal of this case. (Docket No. 350.)

On July 19, 2010 and July 22, 2010, defendants George Crawford and Roy Oaks, respectively, filed their bills of costs with the Clerk of Court pursuant to Local Rule 54.01. (Docket Nos. 351 and 355.) Crawford seeks $7,257.87 in costs and Oaks seeks $3,642.54. (*Id.*)

1

On July 23, 2010, Crawford filed an Amended Bill of Costs, seeking the same amount. (Docket No. 356.)

On July 22, 2010, the plaintiffs filed a Motion to Dismiss Counterclaim that, in effect, challenged one of the defendants' right to recover attorney's fees. (Docket No. 354.) The next day, July 23rd, the court issued an Order stating that "all motions for attorney's fees and costs filed in this case (Docket Nos. 342, 344, 345, 347) shall be **HELD IN ABEYANCE** pending the conclusion of the appeal in this case. The plaintiffs need not respond to the pending motions until further order of the court." (Docket No. 357.) On July 26, 2010, the court also ordered that the plaintiff's Motion to Dismiss Counterclaim be held in abeyance pending appeal. (Docket No. 359.) On August 3, 2010, the Clerk of Court taxed costs in favor of Oaks and Crawford in the amount that they each sought. (Docket Nos. 364 and 365.)

The next day, the plaintiffs filed the pending Motion to Review and Strike the costs awarded. (Docket No. 366.) The plaintiffs claim that, in light of the court's July 23 Order, the Clerk should not have taxed costs, and the court should strike the award. (Docket No. 366 at 2.) In response, Crawford and Oaks argue that cost bills were not explicitly held in abeyance by the July 23 Order, cost bills are routinely assessed after judgment, no challenge to the legitimacy of the costs has been raised, and that the plaintiffs waived their right to object to the costs by not objecting to the defendants' bills of costs within 7 days of their filing. (Docket Nos. 368-369.)

On a motion filed by a party within 7 days of the Clerk's action, the court has discretion to review the costs taxed. Fed. R. Civ. P. 54(d)(1). The wording of the July 23 Order was inartful. The intent of the Order was to allow the plaintiffs to proceed with their appeal on the decisive release issue without burdening the plaintiffs with addressing voluminous attorney's

2

fees motions and related concerns.  Additionally, the plaintiffs cannot be faulted for failing to object to the defendants' bills of costs, given the language of the July 23 Order, which can be read to absolve them of that responsibility, at least for now.

For the reasons expressed herein, the plaintiff's Motion for Review and to Strike (Docket No. 366) is **GRANTED**.  The defendants' bills of costs will be **HELD IN ABEYANCE**, and the previous taxation of costs (Docket Nos. 364 and 365) is hereby **VACATED**.   Once the appeal of this matter is concluded, if it is appropriate, the court will set a schedule that will allow all parties an appropriate opportunity to raise objections and fully brief the attorney's fees, expenses, and costs issues.

It is so Ordered.

Entered this 2nd day of September 2010.

_____
ALETA A. TRAUGER
United States District Judge

3